# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff <br><br> v. <br><br> BAR ARBOR GLEN AT PROVIDENCE HOMEOWNERS ASSOCIATION, et al., <br><br> Defendants | Case No.: 2:16-cv-00761-APG-NJK <br><br> **Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Dismissing as Moot Plaintiff's Damages Claims, and (3) Denying as Moot Defendant Bar Arbor's Motions** <br><br> [ECF Nos. 80, 84, 85] |

Plaintiff Bank of America, N.A. sues to determine whether a deed of trust encumbering property located at 7317 Perkins Hill Street in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Bar Arbor Glen at Providence Homeowners Association (Bar Arbor). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. Bank of America seeks a declaration that the deed of trust still encumbers the property and it asserts alternative damages claims against Bar Arbor and Bar Arbor's foreclosure agent, Defendant Nevada Association Services, Inc. (NAS). SFR counterclaims for declaratory relief that it purchased the property free and clear of the deed of trust.

Bank of America moves for summary judgment, arguing it tendered the superpriority amount prior to the sale and thereby preserved the deed of trust. SFR opposes Bank of America's motion but did not move for summary judgment. Bar Arbor opposes Bank of America's motion and moves to dismiss and for summary judgment, arguing it complied with Nevada law and there was nothing wrongful about the foreclosure.

/ / / /

The parties are familiar with the facts, and I do not repeat them here except where necessary. I grant Bank of America's motion because no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot Bank of America's alternative damages claims against Bar Arbor and NAS, and I deny as moot Bar Arbor's motions to dismiss and for summary judgment.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

/ / / /

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Bank of America has met its burden of establishing that it tendered the superpriority amount in full. The HOA assessment was $40 per month. ECF No. 86-2 at 5. Prior to the HOA foreclosure sale, Bank of America tendered $360.00 to NAS to cover the superpriority amount of nine months of assessments. *Id.* at 11-15. NAS refused to accept the check, which was consistent with its policy at the time. *Id.* at 15; *see also* ECF Nos. 84-13; 84-14; 86-1. SFR has presented no contrary evidence in response. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

SFR raises several arguments as to why tender did not extinguish the superpriority lien. None raises a genuine dispute precluding summary judgment.

*1. Standing*

SFR contends that Bank of America lacks standing to enforce the note and deed of trust because it has not produced evidence showing that the note and deed of trust have been reunified through valid transfers to Bank of America. Bank of America responds that it does not seek to foreclose, it seeks only to determine adverse interests in property, and it has presented sufficient evidence of its interest to have standing for its declaratory relief claim.

The question in this case is not whether Bank of America could presently foreclose. The question is whether Bank of America has a sufficient interest in the deed of trust that it has

3

standing to seek declaratory relief as to the deed of trust's continuing validity. Bank of America is the beneficiary of record through its merger with BAC Home Loans Servicing, LP. ECF Nos. 84-2; 84-3. SFR has presented no contrary evidence. Bank of America therefore has standing to seek a declaration that the deed of trust remains an encumbrance on the property. SFR's contention that some documents in other cases have been shown to be incorrect or inauthentic does not raise an issue of fact in this case. SFR must show "more than metaphysical doubt as to the material facts," and it "has not done so here." *Berezovsky v. Moniz*, 869 F.3d 923, 933 (9th Cir. 2017) (quotation omitted). Speculation that there might be errors is insufficient to preclude summary judgment. *Emeldi v. Univ. of Oregon*, 698 F.3d 715, 728 (9th Cir. 2012).

    *2. Evidentiary Challenge*

SFR contends Bank of America has not presented sufficient evidence that its tender was delivered to NAS. SFR contends that the service receipt, which identifies the properties and checks at issue, does not have any identifying markings to show who generated the document. SFR also argues that the Legal Wings run slip does not contain a reference number linking it to the tenders on the service receipt.

Bank of America has presented sufficient evidence from which a reasonable jury could find that it delivered the tender check. The affidavit of Adam Kendis, a paralegal with Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer), properly authenticated the documents offered and explained what the screenshot of Miles Bauer's case management notes reflects. ECF No. 84-7. The notes state that the check was delivered on September 23, 2011, which corresponds to the date on the Legal Wings runner slip. *Id.* at 15, 19. The notes also reflect that the check was returned, which corresponds with both the runner slip and NAS's policy at the time to reject

tenders with letters like the one sent in this case. *Id.* at 19; ECF Nos. 84-13; 84-14; 86-1.  SFR has not presented any evidence to raise a genuine dispute that the check was not delivered.

   *3. Impermissible Condition*

SFR argues Bank of America's tender was impermissibly conditional because it required the HOA to subordinate maintenance and nuisance abatement charges.  But the Supreme Court of Nevada has already held that where there is no evidence of maintenance or nuisance abatement charges, identical Miles Bauer letters did not impose impermissible conditions on tender.[1]  Here there is no evidence of maintenance or nuisance abatement charges, so the tender letter did not contain impermissible conditions.  Additionally, if such charges arose later, the HOA "would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12, 2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default)).

////

////

---

[1] *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at *1 (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender.  Furthermore, no such [maintenance and nuisance abatement] charges are at issue in this case.  Thus, the purported misstatement does not alter the tender's legal effect.").

*4. Equities*

SFR contends I should weigh the equities in its favor as a bona fide purchaser. It also contends that Bank of America waived tender, should be estopped from asserting it, or has unclean hands because it did nothing after the tender to otherwise stop the sale or advise others of the tender attempt. Bank of America responds that if its tender was valid, then the deed of trust was preserved by operation of law, so I should not weigh the equities and SFR's bona fide purchaser status is irrelevant. Bank of America also argues that SFR is not a bona fide purchaser. And it contends the equities favor Bank of America. Finally, it asserts that by tendering, Bank of America did all that it was supposed to, so waiver, estoppel, and unclean hands do not apply.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019). Finally, Bank of America "has not waived its right to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed [the HOA's] foreclosure to proceed without interceding to halt the foreclosure" because Bank of America satisfied the superpriority portion of the lien before the foreclosure, so it "was under no obligation to intercede or halt the foreclosure once it protected

6

its own interest." *Bank of New York Mellon v. Green Valley S. Owners Ass'n*, No. 1, No. 2:17-CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019); *see also Bank of America, N.A.*, 427 P.3d at 119-21 (tender need not be recorded or deposited into court).

*5. Summary*

In sum, Bank of America has shown that it tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. SFR has not presented evidence in response raising a genuine dispute. Consequently, SFR purchased the property subject to the deed of trust. I therefore dismiss as moot Bank of America's alternative damages claims against Bar Arbor and NAS, and I deny as moot Bar Arbor's motions to dismiss and for summary judgment.

**II. CONCLUSION**

I THEREFORE ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 84) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of America, N.A. and against defendant SFR Investments Pool 1, LLC as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on January 11, 2013 did not extinguish the deed of trust and the property located at 7317 Perkins Hill Street in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s alternative damages claims against defendants Bar Arbor Glen at Providence Homeowners Association and Nevada Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that defendant Bar Arbor Glen at Providence Homeowners Association's motion to dismiss **(ECF No. 80)** and motion for summary judgment **(ECF No. 85) are DENIED as moot**.

I FURTHER ORDER that the clerk of court is instructed to close this case.

DATED this 13th day of January, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE